## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

EQUAL EMPLOYMENT               )
OPPORTUNITY COMMISSION,        )
                               )
            Plaintiff,         )
                               )
v.                             )            CV425-152
                               )
ACTION INSULATION CO.,         )
                               )
            Defendant.         )

## ORDER

Defendant Action Insulation Co. ("Action Insulation") moves for the imposition of sanctions against Plaintiff the United States Equal Employment Opportunity Commission (the "EEOC") and its attorney, Marcus G. Keegan, "for their extrajudicial conduct in violation of Local Rule 11.2 and established case law of this Court."  Doc. 6 at 1.  Plaintiff has responded, doc. 13, and Action Insulation has replied, doc. 15.  The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and is ripe for disposition.

## Background

The EEOC filed this lawsuit against Action Insulation under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of

1991, alleging that Action Insulation subjected its former employee, Jessica Snyder, to a sexually hostile work environment, resulting in the constructive discharge of her employment. *See generally* doc. 1. The Complaint identifies Action Insulation as a general contractor specializing in insulation installation and asbestos abatement in the Chatham County, Georgia area. *Id.* at 3. Snyder is the company's former Office Manager. *Id.* The Complaint alleges that Snyder reported directly to the Company's owner and founder and that he "subjected Snyder to sexual harassment in the form of unwanted jokes, statements, photos, and inappropriate touching." *Id.* at 4; *see also id.* at 4-7 (describing alleged acts of sexual harassment). Defendant's owner's name is not revealed in the Complaint. *See generally id.*

Action Insulation's Motion for Sanctions contends that after the EEOC filed its Complaint, it issued a press release titled "EEOC Sues Action Insulation for Sexual Harassment" on its official government website. Doc. 6 at 2; *see also* doc. 6-1 (copy of press release, also available at `https://www.eeoc.gov/newsroom/eeoc-sues-action-insulation-sexual-harassment`). According to Action Insulation, the press release "identifies Action Insulation by name, location, and type of business, and

summarizes the allegations it makes in this lawsuit." Doc. 6 at 2.  It also includes a quote from EEOC Regional Attorney Marcus Keegan that "[f]ederal law prohibits sexual harassment in the workplace . . . . The EEOC will take action when a company allows its highest-ranking officials to continuously harass a female employee," and a quote from EEOC District Director Darrell Graham that "[e]nsuring workplaces are free from sex discrimination and sexual harassment remains a top priority for the EEOC.  Our agency will hold employers accountable if they allow this type of inexcusable conduct to occur." *Id.* at 2-3 (quoting doc. 6-1 at 2 (internal quotes omitted)).  The press release was picked up by a "national reporter with McClatchy News" and her article covering the lawsuit was published by several online news sources. *Id.* at 3-4; *see also* doc. 15 at 1-2.

## Legal Standard

Action Insulation invokes both Southern District of Georgia Local Rule 11.2 and the Court's inherent authority to support its request for sanctions.  Doc. 6 at 4-7.  Local Rule 11.2 provides:

> It is the duty of every lawyer or law firm associated with the case not to release or authorize the release of information or an opinion, which a reasonable person would expect to be disseminated by means of public communication, in

3

> connection with pending or imminent civil litigation with
> which he or his firm is associated, if there is a reasonable
> likelihood that such dissemination will interfere with a fair
> trial or otherwise prejudice the due administration of justice.

S.D. Ga. L. Civ. R. 11.2. The Rule, by its express terms, only applies to

lawyers and law firms associated with the case, and not to the parties

directly. *Id.* A violation of this Local Rule can support the imposition of

a sanction without a finding of bad faith on the part of the attorney. *See*

*Lott v. Estes*, 2023 WL 4278688, at *5 (S.D. Ga. June 29, 2023) ("Although

it is well settled that a federal court must make a finding of bad faith to

sanction an attorney under its inherent powers . . . this Court has never

extended this requirement to sanctions imposed pursuant to Local Rule

11.2, and the Court declines to do so here.").

   As for the Court's inherent power, the Eleventh Circuit has

recognized that "'[c]ourts of justice are universally acknowledged to be

vested, by their very creation, with power to impose silence, respect, and

decorum, in their presence, and submission to their lawful mandates.'"

*Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002)

(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). The Court

may exercise this inherent authority to sanction a party, and not just an

attorney. *See, e.g.*, *Mai v. Nine Line Apparel, Inc.*, 2019 WL 5092478, at

*3 (S.D. Ga. Oct. 10, 2019). "This power 'must be exercised with restraint and discretion' and used 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (quoting *Chambers*, 501 U.S. at 44-45). "A court may exercise this power to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (internal citations and quotation marks omitted).

The key element to unlocking the court's inherent ability to sanction is a finding of bad faith. *Purchasing Power*, 851 F.3d at 1223; *see also Thomas*, 293 F.3d at 1320 ("[B]efore a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith." (internal quotation and citation omitted)). Additionally, the Court's imposition of any sanction must comport with due process by providing the individual subject to possible sanction with proper notice and an opportunity to be heard. *Thomas*, 293 F.3d at 1320-21. Notice can come from the party seeking sanctions, from the court, or from both, and the accused must be given an opportunity to respond to the invocation of such sanctions and

to justify his actions. *In re Mroz*, 65 F.3d 1567, 1575-76 (11th Cir. 1995). "In assessing whether a party should be sanctioned, a court examines the wrongdoing in the context of the case, including the culpability of other parties." *Purchasing Power*, 851 F.3d at 1225.

## Analysis

The Court first addresses Action Insulation's contention that "Local Rule 11.2 explicitly prohibits the conduct of the EEOC and its attorney." Doc. 6 at 5. As an initial matter, Rule 11.2 is, as discussed above, only applicable to lawyers and law firms associated with the case, and not to the parties directly. The EEOC as a governmental agency is a party to this litigation, and not subject to Rule 11.2. Therefore, only Marcus Keegan, who is identified as the EEOC's Regional Attorney on the Complaint, *see* doc. 1 at 14, and is quoted in the press release, *see* doc. 6-1 at 2, is even arguably covered by Rule 11.2's prohibitions. A review of the EEOC's press release, however, shows that no sanctions against Keegan under Rule 11.2 are appropriate. *See generally* doc. 6-1.

Because a "reasonable person" would expect for the information provided in the press conference to "be disseminated by means of public communication," since it was posted on a public government website, the

Court must determine whether there was a reasonable likelihood that the information contained in the press release, including Keegan's quote, would "interfere with a fair trial or otherwise prejudice the due administration of justice." S.D. Ga. L. Civ. R. 11.2. The press release tracks the allegations of the EEOC's publicly filed Complaint. *Compare* doc. 6-1 *with* doc. 1. It uses phrases like "the [EEOC] charged in a lawsuit it recently filed," and "according to the EEOC," and couches the information as "alleged" when summarizing the Complaint. *See* doc. 6-1 at 1. Like the Complaint, it does include a reference to attempts to "reach a pre-litigation settlement through [the EEOC's] conciliation process," *id.* at 1-2; *see also* doc. 1 at 2-3, which as the EEOC points out is part of a statutorily mandated process, *see* doc. 13 at 7-8. This summarization of publicly available materials is not the type of commentary that could interfere with Defendant's right to a fair trial or otherwise prejudice the due administration of justice.

The quotes attributed to EEOC representatives Mr. Keegan and Mr. Graham do not alter the substance of the press release to place it within the purview of extrajudicial statements prohibited by the Local Rule. Keegan's presentation of the EEOC's position, that it "will take

action" when a company permits a high-ranking official to harass an employee, is not the type of statement that this Court has found to be violative of the Rule. Similarly, Graham's statement that the EEOC "will hold employers accountable" if they permit sex discrimination and sexual harassment to occur could not reasonably be considered to interfere with Defendant's ability to receive a fair trial in this case. Neither statement contains a presentation of the EEOC's allegations as fact, but instead they are statement of the EEOC's mission to pursue charges in particular cases, as it has done here. The press release at issue is distinguishable from the more harmful presentations made by counsel in cases where a violation was found. *Cf. Lott*, 2023 WL 4278688, at *6 (S.D. Ga. June 29, 2023) (finding counsel violated Rule 11.2 when he and his client "presented the allegations in the case and opinions on the law as fact such that it seemed there was no dispute regarding Defendant's conduct and liability"); *Blidge v. Ferguson*, 2025 WL 1900009, at *3 (S.D. Ga. July 9, 2025) (finding counsel violated Rule 11.2 when he gathered a press conference to provide commentary about police body-warn camera footage, and described defendant's actions as "murder" and defendant as

a "liar," with the stated intent to alter public perception of the facts of the case).  Simply put, there is no Local Rule violation here.

As to imposing sanctions beyond Rule 11.2, the Eleventh Circuit has made clear that the Court's inherent authority to impose sanctions "must be exercised with restraint and discretion." *Purchasing Power*, 851 F.3d at 1223.  It requires subjective bad faith on the part of the offending party.  *Id.*  The Court cannot find any bad faith on the part of the EEOC or its attorneys.  As discussed above, the EEOC issued a press release about its filing of a public lawsuit against the Defendant.  It summarized the allegations of the lawsuit using appropriate language to make clear that the information is not presented as fact, but as what the EEOC alleges, or charges, against the Defendant.  *See* doc. 6-1 at 1-2.  It contains EEOC representatives' statements emphasizing the role that the EEOC plays in enforcing federal laws in the workplace.  *Id.* at 2.  That the press release was picked up by a national reporter and her coverage of this lawsuit was reprinted in news outlets around the country does not change the nature of the EEOC's initial public release of information.  More importantly, there is nothing the EEOC has done to justify the extraordinary sanction of dismissal of its Complaint, a request that

Defendant made before it had even filed its response to that Complaint. As the Court has explained before, it fully expects the parties "to conduct themselves in a way that promotes a fair judicial process and ensures this case is decided solely on the merits. . . . The Court is confident that the litigants and their counsel will be mindful of these admonishments." *Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty., Ga.*, 2021 WL 10724822, at *2 (S.D. Ga. Sept. 2, 2021).

## Conclusion

For the foregoing reasons, Defendant Action Insulation Company's Motion for Sanctions is **DENIED**. Doc. 6.

**SO ORDERED** this 5th day of September, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA