IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTION INSULATION CO.,<br><br>Defendant. | CIVIL ACTION NO.<br>4:25-CV-00152-RSB-CLR |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action under Title VII of the Civil Rights Act of 1964, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendant Action Insulation Co. subjected Jessica Snyder to a sexually hostile work environment, resulting in her constructive discharge.

The Commission and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. **Nondiscrimination.** Defendant shall not discriminate against any person on the basis of sex, including by subjecting them to a hostile work environment based on their sex or by failing to take prompt and effective remedial action to remedy a hostile work environment.

2. **No Retaliation.** Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under Title VII or any other statute enforced by the EEOC, or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under any statute or regulation enforced by the EEOC.

3. **Payment.** Defendant shall pay Snyder a total amount of $40,000 in settlement of the claims raised in this action. Payment shall be made within ten (10) business days after the Court approves this Consent Decree. Defendant shall send the settlement check(s) to Snyder via overnight delivery at an address to be provided in writing to Defendant by the Commission. Defendant shall send to the Commission a copy of the check(s) and the tracking number of each envelope containing the settlement check(s) to Snyder.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Snyder may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a. Within ten (10) business days of the signing of this agreement, Defendant agrees to provide to the EEOC (1) Defendant's EIN(s) and (2) the individual and physical address(es) to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual(s) must be an employee of Defendant.

    b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. **Nonpayment of Settlement Funds.** If Snyder does not receive the payments described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional

costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. **Separation of Personnel Records.** Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records and personnel file of Snyder any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 415-2024-01175; Snyder's separation from employment; and any related events that occurred thereafter, including the filing of her EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. **Title VII Compliance Addendum.** Defendant shall revise any policy or resource distributed to staff for the purposes of stating or explaining the procedure by which employees may complain of unwanted sexual harassment with an Addendum consistent with this Consent Decree. A copy of the Addendum is attached hereto as **Exhibit A**. Defendant shall notify all of their employees of the addition of the Addendum to its policies and resources within thirty (30) days of the Court's entry of this Consent Decree, and shall maintain any updated policy or resource containing the Addendum available and accessible to all employees in the same manner as any workplace policy or resource maintained by Defendant. New employees shall receive a copy of the updated policy on or before their first day of work. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission and provide a list of all policies and resources updated to include the Addendum.

7.      **Training.** During the term of this Consent Decree, Defendant shall provide an annual, mandatory training program to all of its officers and employees. Each training program shall include, at minimum: (a) an explanation of the Title VII Compliance Addendum referenced in paragraph 6 above; (b) a description of Title VII's prohibition of hostile work environments, the types of conduct or policies that constitute unlawful harassment, and the laws protecting employees from harassment; and (c) the responsibilities of managers regarding the prevention or elimination of hostile work environments.

The first training program shall be completed within ninety (90) days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8.      **Notice Posting.** Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit B**, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting

another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. **Defendant's Contact.** All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Ellen L. Schoolar at ellen@savlawgroup.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

10. **Reporting.** During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

   a. the identities of all individuals who have reported any incidents of sexual harassment, including each person's name, address, telephone number, and position title;

   b. for each individual identified in 10.a above, explain what actions were taken by Defendant in response to the individual's report;

   c. for each individual identified in 10.a above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

   d. for each individual whose employment status has changed as identified in 10.c. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 10.a within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. **Communication to the Commission.** All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

> Marcus G. Keegan
> Regional Attorney
> U.S. Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, GA 30303

12. **Compliance Review.** The Commission may review compliance with this Consent Decree. As part of such review, with at least five (5) business days' notice to Defendant, the Commission may inspect Defendant's premises for compliance and examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

13. **Noncompliance.** If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. **Duration.** This Consent Decree shall be in effect for a period of three (3) years from its entry by the Court.

15. **Court Retains Jurisdiction.** This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

16. **Costs and Fees.** Except as provided herein, each party shall bear its own costs and attorney's fees.

**SO ORDERED**, this 18thh day of September, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ACTION INSULATION CO. |
| | |
| MARCUS KEEGAN<br>Regional Attorney | */s/ Ellen L. Schoolar (w.e.p.)*<br>**ALAN S. LOWE**<br>Georgia Bar No. 459650<br>**ELLEN L. SCHOOLAR**<br>Georgia Bar No. 558243 |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | |
| ROBYN M. FLEGAL<br>Acting Assistant Regional Attorney | **LOWE & SCHOOLAR, P.C.**<br>7 Oglethorpe Professional Blvd.<br>Suite 1<br>Savannah, GA 31406<br>Telephone (912) 234-2581<br>Facsimile (912) 234-4190<br>alowe@savlawgroup.com<br>ellen@savlawgroup.com |
| */s/ Fahad A. Khan*<br>Fahad A. Khan<br>Trial Attorney<br>Georgia Bar No. 442892 | |
| Equal Employment Opportunity Commission<br>Atlanta District Office<br>100 Alabama St. SW, Suite 4R30<br>Atlanta, Georgia 30303<br>fahad.khan@eeoc.gov<br>Telephone: (470) 531-4811<br>Facsimile: (404) 562-6909 | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |